■ BERNARD J. GREENBLOTT, Respondent-Appellant, v CATSKILL OFF-TRACK BETTING CORPORATION, Appellant-Respondent. [628 NYS2d 312] —In an action to recover damages for breach of a lease, (1) the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated June 4, 1993, as, after a nonjury trial, is in favor of the plaintiff and against it awarding the plaintiff restoration damages of $30,000, and (2) the plaintiff

cross-appeals from so much of the same judgment as awarded him only $2,500 as a credit for the defendant's failure to install certain improvements.

Ordered that the judgment is modified, on the law, by deleting from the decretal paragraph thereof the sum of $32,500, and substituting therefore the sum of $42,725; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the respondent-appellant.

The plaintiff's measure of damages for the defendant's failure to install improvements pursuant to the lease is the reasonable amount necessary to improve the premises as contemplated under the lease (see, Farrell Lines v City of New York, 30 NY2d 76; Tobin v Union News Co., 13 NY2d 1155). Here, the plaintiff demonstrated that it would cost him $12,-725 to install the improvements which the defendant had agreed, but failed, to install. Therefore, the trial court should have awarded the plaintiff $12,725 as damages for the defendant's breach of the lease agreement, not merely $2,500.

The trial court properly awarded the plaintiff restoration damages in the amount of $30,000. The record indicated that the defendant was responsible for the deterioration of the demised premises (see, 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 19:4). Further, the plaintiff demonstrated that it would cost him $30,000 to restore the premises.

The parties' remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.